USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-31-13

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**MELISSA WACHS**
*Assistant Corporation Counsel*
E-mail:mwachs@law.nyc.gov
Phone: (212) 356-2424
Fax: (212) 788-0902

July 29, 2013

**By Hand Delivery**
Honorable Andrew L. Carter
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

RECEIVED
JUL 30 2013
ANDREW L. CARTER, JR.
U.S. DISTRICT JUDGE
S.D.N.Y.

Re: John Bowers v. Sean Kwalwasser, et al.
13 Civ. 2862 (ALC)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter, in which plaintiff alleges, *inter alia*, that he was subjected to excessive force. I write to respectfully request that Your Honor stay this case pending the resolution of the criminal prosecution in Manhattan Criminal Court, which underlies the claim in this case[1]. Plaintiff's attorney, Chadwick B. Young, Esq., consents to this request.

It is well settled that a stay of a federal civil rights action pending the outcome of parallel state court criminal proceedings is appropriate for reasons of judicial economy and the resolution of parallel issues. See, e.g., Deakins v. Monaghan, 484 U.S. 193, 202, 108 S. Ct. 523, 529-30, 98 L. Ed. 2d 529 (1988)-(in § 1983 action, approves of court rule requiring a district court to stay rather than dismiss federal civil action in favor of state criminal proceedings); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) (a "federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views."); Estes-El v. Long Island Jewish Medical Center, 916 F. Supp 268, 269-70 (S.D.N.Y. 1995)("It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings." ).

As one court in this District has opined, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Johnson v. N.Y.

---

[1] Plaintiff's next appearance on his criminal court case is August 19, 2013.

City Police Dep't., 01 CV 6570 (RCC)(JCF), 2003 U.S. Dist LEXIS 12111, *4 (S.D.N.Y. July 16, 2003)(quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). "This is because the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case. Johnson, 2003 U.S. Dist LEXIS 12111 at *5. Furthermore, a stay of a federal civil rights action allows the "state proceeding to go forward without interference from its federal sibling, while enforcing the duty of the federal courts to assume jurisdiction where jurisdiction properly exists." Deakins v. Monaghan, 484 U.S. 193, 202-03 (1988) (internal citations omitted). The instant Section 1983 civil rights action and pending state court criminal prosecution are based on the same underlying events.

Defendant further submits that a stay of this case would be in the interest of the Court and the public, as civil discovery could be streamlined with the benefit of transcripts from the criminal proceedings and rulings from the criminal court. Johnson, 2003 U.S. Dist. LEXIS 12111, at **5-6 (citing Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981)). Additionally, a conviction in the criminal case could have a preclusive effect on the claim asserted in this action. See Diggs v. N.Y. Police Dep't, 04 Civ. 1849 (CBA)(LB), 2005 U.S. Dist. LEXIS 38244, at *6-*7 (E.D.N.Y. Dec. 22, 2005) (quoting Allen v. McCurry, 449 U.S. 90, 102 (1980)) (collateral estoppel "applies when § 1983 plaintiffs attempt to relitigate in federal court issues decided against them in state criminal proceedings."). While plaintiff has only asserted an excessive force claim, if plaintiff is convicted of the charges pending against him, especially if he is convicted of resisting arrest, plaintiff might be precluded from making certain arguments in this civil case regarding whether the alleged use of force was justified, or how the incident started, if he pleads guilty or is convicted at trial. See, e.g., McMillan v. City of New York, 10 Civ. 2296 (PAC), 2011 U.S. Dist. LEXIS 141880, at *26-34 (S.D.N.Y. Dec. 9, 2011)(summary judgment granted on excessive force claim based on admissions made at plea allocution and doctrine of judicial estoppel prevented court from considering portions of plaintiff's complaint and deposition testimony that contradicted admissions made at plea allocution); Coleman v. City of New York, 07 Civ. 1051 (CM), 2010 U.S. Dist. LEXIS 9827, at *11-14 (S.D.N.Y. Feb. 2, 2010)(plaintiff estopped from arguing that he did not try to swallow drugs since he was convicted of tampering with physical evidence, and thus excessive force claim dismissed since it was therefore reasonable for officer to grab plaintiff's throat, despite plaintiff's denial that he was attempting to swallow drugs as officer claimed).

Therefore, for reasons of judicial economy and the effect that the underlying state criminal proceeding may have on defendant's answer and on discovery, defendant respectfully requests a stay of the above-referenced civil rights action until the disposition of the parallel state court proceeding. As this case has been selected as part of the Plan for Certain §1983 Cases Against the City of New York, defendant asks that the time to answer this complaint be 60 days from the date the criminal case has concluded, or 60 days from when the §160.50 is supplied, whichever is later.[2]

---

[2] Defendant has not yet received an executed § 160.50 release from plaintiff. As this is a § 1983 Plan case, defendant notes that such a release would be required regardless of whether plaintiff is ultimately convicted of the charges pending against him.

Thank you for your consideration herein.

Respectfully submitted,

Melissa Wachs
Assistant Corporation Counsel
Special Federal Litigation Division

cc: Chadwick B. Young, Esq. (via email)
*Attorney for Plaintiff*

The application is granted. The parties are further ORDERED to submit a joint status report within 90 days of the date of this order.

SO ORDERED.

*Andrew J Carter*

7-31-13