UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

JOHN BOWERS,

                                      Plaintiff,

-against-

SEAN KWALWASSER and RYAN JOHNSTON,

                                      Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF POLICE OFFICERS SEAN KWALWASSER AND RYAN JOHNSTON**

13 CV 2862 (ALC)

**JURY TRIAL DEMANDED**

        Defendants Police Officers Sean Kwalwasser and Ryan Johnston, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegation set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke jurisdiction as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's residence.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, and further state that the allegations contained in paragraph "3" are ambiguous and cannot be answered.

        4.     Deny the allegation set forth in paragraph "4" of the complaint, except admit plaintiff purports to base venue as stated therein.

        5.     Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of NEW York maintains a police department.

6. Deny the allegations set forth in paragraph "7" of the complaint, except admit Sean Kwalwasser is employed by the City of New York as a police officer. Defendants further respectfully refer all questions of law to the Court.[1]

7. Deny the allegations set forth in paragraph "8" of the complaint, except admit Ryan Johnston is employed by the City of New York as a police officer. Defendants further respectfully refer all questions of law to the Court.

8. Deny the allegations set forth in paragraph "9" of the complaint, except admit that defendants were working as police officers at approximately 1:05 a.m. on September 12, 2012. Defendants further respectfully refer all questions of law to the Court.

9. Deny the allegations set forth in second paragraph "9" of the complaint, except admit that plaintiff was arrested at or about 1:05 a.m. on September 12, 2012 at the corner of 14th Street and 9th Avenue in the City, County, and State of New York.[2]

10. Deny the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

14. The complaint fails to state a claim upon which relief can be granted.

---

[1] Defendants note that there is no paragraph "6" in plaintiff's complaint.

[2] Defendants note that there are two paragraphs "9" in plaintiff's complaint.

2

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

15. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or that of a third party and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

16. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

17. The actions of any officers involved were justified by reasonable suspicion, probable cause, or was otherwise privileged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

18. Plaintiff provoked any incident.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

19. To the extent plaintiff asserts state law claims against defendants, such claims should be barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

20. Defendants Police Officers Sean Kwalwasser and Ryan Johnston have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore are protected by qualified immunity.

WHEREFORE, defendants Police Officers Sean Kwalwasser and Ryan Johnston respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 16, 2013

          MICHAEL A. CARDOZO
          Corporation Counsel of the
          City of New York
          Attorney for Defendants Police Officers
          Sean Kwalwasser and Ryan Johnston
          100 Church Street
          New York, New York 10007
          (212) 356-2328

By: _____
     Diep Nguyen
     Assistant Corporation Counsel

cc: All counsel (via ECF)

13 CV 2862 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN BOWERS,

                              Plaintiff,

-against-

SEAN KWALWASSER and RYAN JOHNSTON,

                              Defendants.

**ANSWER TO THE COMPLAINT ON BEHALF OF POLICE OFFICERS SEAN KWALWASSER AND RYAN JOHNSTON**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Diep Nguyen*
*Tel: (212) 356-2328*
*NYCLIS NO.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..........................................,2013*

*.................................................................. Esq.*

*Attorney for ...........................................................*

5